UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY L. CRAIG, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO.  3:05-CV-336 RM |
| v. | ) | |
| | ) | |
| J. DAVID DONAHUE, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

Anthony L. Craig, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and a more definite statement pursuant to FED. R. CIV. P. 12(e). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Colley</u>, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Craig alleges that he has been denied medical treatment for a wrist injury he suffered prior to his incarceration. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373. Mr. Craig alleges that he was scheduled for wrist surgery before his incarceration. This is a serious medical need.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). This total

disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Craig states that he injured his wrist and was scheduled for surgery prior to his incarceration, but that surgery was cancelled due to his placement in the Indiana Department of Correction. Docket # 13 at 3. He says he was examined by a doctor and x-rays were taken while he was at the Reception and Diagnostic Center (RDC). Docket # 10-1 at 3. An entry in his medical record, which he

3

attached to his More Definite Statement, indicates that the doctor at RDC found that there was "no noticeable swelling or bruising" (docket # 10-2 at 6) and that "there is no <u>imminent</u> need for surgical intervention". Docket # 10-2 at 4, emphasis in original. He was transferred to the Miami Correctional Facility on January 3, 2005, and an intake note was made in his medical packet on that day. Docket # 10-2 at 10. The medical record attached to his More Definite Statement indicates that medical expected to see him on January 6 and January 7, but that he was a "no show". Docket # 10-2 at 10. Mr. Craig states that "I have 10 to 12 no shows to medical because the passes that are sent to Anthony Craig is not receiving them." Docket 10-1 at 4-5. A few hours after his now show appointment on January 7, Mr. Craig was seen for his wrist and other conditions. Docket # 10-2 at 12.

Mr. Craig was again seen in medical on January 9 and January 13 where he was prescribed Ibruprophen. Docket ## 10-2 at 11 and 10-4 at 2. On January 17, he was a no show. Docket # 10-2 at 11. Dr. Eromons Idahosa examined him on January 19, 2005 and ordered an x-ray. Docket # 10-1 at 3. When this x-ray was read, the report recommended possible additional x-rays depending on the suspected diagnosis. Docket 10-2 at 5. On February 6, Mr. Craig complained about pain and was continued on Ibruprophen. Docket # 10-2 at 13. On February 10, Dr. Idahosa ordered another x-ray and a CT scan. Docket # 10-1 at 3. During this visit, Mr. Craig complained about pain and was switched to Naproxen for ten days. Docket ## 10-2 at 13 and 10-4 at 6. On February 21, Dr. Myers authorized

4

Mr. Craig to take an additional 200 mg of Ibruprophen three times a day along with the 600 mg tablets three times a day that he was given by medical. Docket # 10-4 at 11. Mr. Craig was a no show on March 3 and March 4, but was seen on March 7 and March 8. Docket # 10-2 at 14. On March 15, his x-ray report showed that his navicula was fractured. Docket # 10-4 at 14. On March 17, he was given a seven day prescription for Vicodin and taken to and from Wishard Hospital for a CT scan. Docket ## 10-2 at 14 and 10-4 at 17.

On April 8, an urgent referral for surgery was submitted by the facility medical director and a 30 day Vicodin prescription was written. Docket ## 10-4 at 20 and 10-5 at 2. On April 25, Mr. Craig was a no show. Docket # 10-5 at 3. On May 6, he returned from Wishard Hospital. Docket # 10-5 at 10. On May 10, medically required housing and recreation limitations were established or extended for ninety days. Docket # 10-5 at 3-5. On June 7, he was a no show, but he was seen on June 8 and given a 30 day prescription for Vicodin. Docket # 10-5 at 10 and 11.

Mr. Craig states that he should have been given pain medication sooner and that he should have received surgery for his wrist. During the five months chronicled in his medical records from the Miami Correctional Facility, Mr. Craig has been seen by medical staff at least fifteen times, been on at least four different pain medication regimens, and been to the hospital twice. Though he wanted different treatment, a prisoner may not demand specific care. The record presented by Mr. Craig clearly demonstrates that he has not been subjected to

5

deliberate indifference. Though his medical care has been slower than he desired and though his surgery has been delayed, this complaint does not state a claim for which relief can be granted. Even if his treatment has been unreasonable, even if the medical staff are incompetent, and even if they are committing malpractice, these would not state a claim.

His condition is painful, but there are limits to the amount and kind pain medication that he would receive for this condition even if he were not in prison. Here, though he desired more or different pain medication, the record demonstrates that his pain was being treated and the treatment was modified as the doctors attempted to treat his pain. There is no indication that they are deliberately indifferent to his pain.

Mr. Craig appears to believe that the "no shows" incorrectly indicate that he lacks interest in his treatment. That is not a permissible inference under this record. The "no shows" indicate that the staff are interested in his care and that they continue to issue medical passes to him. Though administrative problems may be preventing him from receiving all of the passes, such inefficiencies do not overwhelm the record which demonstrates that they are working to address his medical needs.

The Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to him. Mr. Craig states that he is losing mobility and though it is understandable why he would like to restore the full use of his wrist, if there are other medically acceptable

6

alternative treatments for his condition, the Eighth Amendment does not require that receive the best care possible or that he ever receive surgery. Even if his treatment could be considered substandard, unreasonable, negligent, or an act of medical malpractice — issues this court need not decide — the facts alleged by Mr. Craig do not state a federal constitutional claim.

For the foregoing reasons, the this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: November 14 , 2005

>   /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court